IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 11-11-BU-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ELIZABETH P. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The defendant appeared before the Court for sentencing on April 27, 2012. The defendant offered several objections to the calculation of loss under United States Sentencing Guideline § 2B1.1(B)(1). The Court concludes that the total loss for purposes of the Guidelines is $1,329,670.34 but that the total amount of restitution is $1,569,770.34. This order describes the Court's calculations.

**I.  Calculating the loss for purposes of U.S.S.G. § 2B1.1(B)(1)**

The total loss is $1,869,770.34. This sum includes: (1) the $1,200,000.00 loan taken by Rulon Gardner, including $240,100 in interest for the loan; (2) $306,000.00 spent by Rulon Gardner for the initial investment, a well inspection,

and attorney's fees; (3) $23,670.34 lost by Private Capital Group; and (4) $100,000 lost by an investor, Donalee King.[1] Stated arithmetically:

```
    $1,200,000.00   (loan)
+     $240,100.00   (loan interest)
+     $306,000.00   (misc. expenses)
+      $23,670.34   (Private Capital Group)
+     $100,000.00   (Donalee King)
    $1,869,770.34   (total loss)
```

For purposes of calculating the loss under the Sentencing Guidelines, some deductions are required. First, the loss amount cannot include "interest of any kind." U.S.S.G. § 2B1.1, cmt. 3(d)(i); *see also United States v. Morgan*, 376 F.3d 1002 (9th Cir. 2004); *United States v. Peugh*, ___ F.3d ___, 2012 WL 1021089 (7th Cir. 2012). Thus, the $240,100 in loan interest paid cannot be included in the loss amount.

Second, the fair market value of the property at issue, which is now held by West Coast Lending, cannot be included because, if it is sold, the proceeds will go toward the discharge of the loan owed by Gardner. *See* U.S.S.G. § 2B1.1, cmt. 3(E)(ii) ("Loss shall be reduced by the following: . . . In a case involving collateral pledged or otherwise provided by the defendant, the amount the victim has

---

[1] The presentence report states that the total loss is $1,818,770.34. This figure is based on a deduction of $51,000 from the $1.2 million in loan proceeds that Gardner used to pay for consulting services. This amount should not be deducted, though, because it is a loss to Gardner.

recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing."). The testimony at sentencing showed that a reasonable estimate of the fair market property value at the time of sentencing is $300,000.

Johnson counters that the fair market value of the property is much higher for two reasons: (1) an appraiser stated that under "extraordinary assumptions," the property could be worth as much as $4.3 million in light of the property's geothermal features and (2) West Coast Lending has refused to sell the property when offered between $200,000 and $300,000. Both arguments are without merit. First, the fair market value is determined at the time of sentencing, not a future time when improvements—under extraordinary circumstances—might be made that would allow the owner to exploit the geothermal features. The value of the geothermal features is far too speculative at this point in time. Second, the fact that West Coast Lending might have turned down offers as high as $300,000 certainly does not mean that the property is worth more than that amount. All it means is that West Coast Lending has not sold it for less than that amount, even if $300,000 is the fair market value.

Finally, the Johnson argues that the $85,000.00 that Gardner received

directly from the loan proceeds should also be deducted from the loss amount. At sentencing, the Court inadvertently deducted this amount from the loss, but it should not be deducted. Gardner offered credible testimony at sentencing demonstrating that $24,000 of this sum was used to pay towards interest on the loan and $61,000 was paid toward consultant services for the project. Neither of these two amounts should be deducted from the loss because the $24,000 interest payment was deducted as part of the $240,100 of total interest payments and the $61,000 paid for consultant services is a loss to Gardner from the $1.2 million loan proceeds.

Given these deductions from the amount of total loss, the loss for purposes of U.S.S.G. § 2B1.1 is $1,329,670.34.[2]

## II. Calculating the loss for purposes of restitution

The calculation of loss for purposes of restitution may be different than the calculation of loss for purposes of the Sentencing Guidelines. *See e.g. Morgan*, 376 F.3d at 1014. In particular, while interest paid by the victim is excluded from loss under the Guidelines, it may be included as loss for purposes of restitution. *Id.*

---

[2] Johnson argues that the total loss should be further reduced by $484,276.13. This sum was apparently paid to release various encumbrances on the property. This sum was taken from the $1.2 million loan proceeds. It represents money that Garland lost from the loan as a result of Johnson's fraud. The sum was never returned to Garland. Accordingly, it is a loss.

As a result, the loss for purposes of restitution is the $1,329,670.34 plus the $240,100 in loan interest.[3] This sum results in a loss of $1,569,770.34, which must be paid in restitution as detailed in the judgment.

IT IS ORDERED that the total loss for purposes of United States Sentencing Guideline § 2B1.1(b) is $1,329,670.34.

IT IS FURTHER ORDERED that the total restitution that the defendant must pay is $1,569,770.34. The defendant shall pay the restitution as detailed in the judgment.

Dated this 27th day of April 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

---

[3] At sentencing, the Court inadvertently included an additional $24,000.00 as part of the restitution. This sum, however, was part of the $85,000.00 in loan proceeds that Gardner received and should not have been included. If, as described above, he used that sum to pay interest, that sum is already accounted for in the $240,100 in interest. The judgment form includes the correct statement of restitution.